### In re David M. VOGT and Mary R. Vogt, Debtors.

### No. 99–12040–RGM.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Jan. 21, 2000.

---

Joseph M. Goldberg, Ammerman & Goldberg, Washington, DC, for Debtors.

Denyse Sabagh, Duane, Morris & Heckscher, LLP, Washington, DC, for Merrill Lynch, Pierce, Fenner & Smith, Inc.

### *MEMORANDUM OPINION*

ROBERT G. MAYER, Bankruptcy Judge.

The question presented in this case is the proper manner for a custodian of an individual retirement account (IRA) to report to the Internal Revenue Service a distribution from an IRA to a chapter 7 trustee.

David M. Vogt and Mary R. Vogt filed a voluntary petition in bankruptcy pursuant to chapter 7 of the United States Bankruptcy Code in this Court on August 20, 1999. Mary R. Vogt scheduled IRAs which exceeded the amount that could be claimed exempt. The trustee filed an objection to the claim of exemption.[1] The trustee and the debtor submitted a consent order sustaining the trustee's objection. The order provided that $75,615.50 of the IRA accounts was not exempt. It also provided that the custodian, Merrill Lynch, forward proceeds in this amount to "Gordon P. Peyton, Trustee in Bankrupt-

cy" and that the withdrawal be processed under the bankruptcy estate's employer identification number "so that the tax consequences are borne by the bankruptcy estate and not the Debtors".

Merrill Lynch mailed to the trustee a check in the proper amount but payable to the debtor. In the accompanying letter, it stated that it would report the distribution under the debtor's social security number. The debtor filed a motion to have Merrill Lynch show cause why it failed to comply with the order and sought appropriate sanctions.

Merrill Lynch replied asserting that it is legally required to make the distribution to the debtor and report the distribution under the debtor's social security number. It notes that distributions may only be made to the individual account holder or her designated beneficiaries. 26 CFR § 1.408–2(b)(6) and (7). Premature distributions, Merrill Lynch argues, may only be made to the individual for whose benefit the account is established. 26 CFR § 1.408–1(c)(6). The only exception is a transfer incident to divorce. 26 CFR § 1.408–4(g). Finally, Merrill Lynch notes that all distributions must be reported by the custodian to the Internal Revenue Service. 26 CFR § 1.408–7. Merrill Lynch concluded that it was caught on the horns of a dilemma. It believed that it could not comply with both this Court's order and IRS regulations. Merrill Lynch's position was not taken lightly. It was made by a vice president who is senior counsel in the Litigation Department of the Office of General Counsel in New York City after having received and reviewed the order.

■■■ Merrill Lynch is required to report the distribution to the Internal Revenue Service. 26 CFR § 1.408–7. However, it did not take into account the bankruptcy aspects of the distribution. The IRA became property of the estate when the petition was filed. 11 U.S.C. § 541. The

---

1. The debtor did not claim all of the IRAs exempt. An objection was appropriate to determine the exact amount exempt and nonexempt.

transfer from the debtor to the estate under § 541, a transfer effected by operation of law, was not a taxable event, but the estate became responsible for the tax consequences, if any, on the disposition asset other than to the debtor by abandonment or exemption. 26 U.S.C. § 1398(f)(1) and (2). *See also, In re Kochell,* 804 F.2d 84, 86 (7th Cir., 1986); *In re Popa,* 218 B.R. 420, 427 (Bankr.N.D.Ill., 1998), *aff'd,* 238 B.R. 395 (N.D.Ill., 1999). Upon filing the petition, the estate became the account holder. To the extent that the IRA was properly claimed exempt, it ceased to be property of the estate when the period within which an objection could be filed expired, provided no objection was in fact filed. 11 U.S.C. § 522(1); F.R.Bankr.P. 4003(b). In this case, not only was the entire IRA not claimed exempt, but an objection was filed. The extent of the exemption was resolved by the Court by entry of the order agreed to by the trustee and the debtor. This fixed, as between the debtor and the trustee, their respective rights in the IRA.

Upon the determination of the respective rights of the trustee and the debtor, the trustee requested distribution to him of the estate's property. Even without the addition of the instructions in the consent order to Merrill Lynch as to how the distribution was to be made and reported, Merrill Lynch was legally obligated to make the distribution in that fashion. At that time, the account holder was the estate, not the debtor. The proper identification number for reporting purposes to the Internal Revenue Service was the estate's employer identification number, not the debtor's social security number.

None of the provisions of the Code of Federal Regulations cited by Merrill Lynch address who the account holder is. None addresses a transfer of ownership. The regulations do not address the situation in which title to the IRA is vested in a bankruptcy trustee by operation of law. While the regulations do not address a

transfer pursuant to 11 U.S.C. § 541, the Internal Revenue Code does. Section 1398(f)(1) of the Internal Revenue Code provides that a transfer of the IRA to the estate is not a taxable event and that the "estate shall be treated as a debtor would be treated with respect to the such asset." Section 1398(f)(1) and 11 U.S.C. § 541 clearly provide that the debtor is no longer the account holder and that the bankruptcy estate has succeeded to her position. *In re Kochell, supra.* They compel the conclusion that the estate is the proper party to receive the distribution and the estate's employer identification number is the proper reporting vehicle to the Internal Revenue Service. Since the estate is the account holder, the regulations require Merrill Lynch to report the transaction under the estate's employer identification number, not the debtor's social security number.

The provisions of the tax regulations cited by Merrill Lynch are not apposite. Section 1.408–2 describes the requirements an IRA must satisfy in order to be entitled to the favorable tax treatment under 26 U.S.C. § 408. In particular, Sections 1.408–2(b)(6) and (7) address the mandatory distributions based on age and death, respectively. Both contain the phrase "the individual for whose benefit the trust is maintained." Merrill Lynch argues that this is the debtor. These sections are not helpful. They address mandatory terms of the IRA trust document. While they do refer to the debtor before the filing of the petition in bankruptcy, they have nothing to do with the transfer of ownership or the reporting requirements for a distribution after the filing of a petition in bankruptcy and the transfer of ownership to the estate.

Section 1.408–1(c)(6) is closer on point. It states, in part:

If a distribution (whether a deemed distribution or an actual distribution) is made from an individual retirement account, or individual retirement annuity,

to the individual for whose benefit the account was established, or who is the owner of the annuity, before the individual attains age 59½ . . .

Merrill Lynch seeks to use this section to again link the debtor to the "individual for whose benefit the account was established" and thereby justify its conduct. It again overlooks the effect of 11 U.S.C. § 541 which is to make the estate the account holder. Section 1.408–1(c)(6) in connection with 26 U.S.C. § 1398(f)(1) triggers the taxable event for the bankruptcy estate. The transfer from the debtor to the trustee is not a taxable event under 26 U.S.C. § 1398(f)(1). However, the trustee's withdrawal of funds is a premature distribution encompassed by § 1.408–1(c)(6). The tax consequences of the withdrawal are the estate's responsibility. 26 U.S.C. § 1398(f)(1); *In re Kochell, supra.*

The tax regulations appear to anticipate the situation in this case. Section 1.408–4(a) provides the general rule for including a distribution from an IRA in income. It states:

> Except as otherwise provided in this section, any amount actually paid or distributed or deemed paid or distributed from an individual retirement account or individual retirement annuity shall be included in the gross income of the payee or distributee for the taxable year in which the payment or distribution is received.

Section 1.408–4(a) recognizes that not all distributions are taxable income to the account holder. The test is in terms of the "payee or distributee." Here, both the account holder and the distributee are the bankruptcy estate. Even if the bankruptcy estate were not the account holder— which it is as to the non-exempt portion of the fund—it is the payee and the distributee.

Moreover, the reporting requirements in Section 1.408–7(a) require that the report show the name and address of the person "to whom the distribution was made," the amount of the distribution and such other information as may be required. Again, the distribution was made to the trustee, not the debtor.

The debtor's concern in including the language in the consent order, although it was not necessary, was to preserve the debtor's fresh start. Debtor's counsel, through past experience with the Internal Revenue Service, has found it difficult to correct information misreported to the IRS. Merrill Lynch glibly dismisses the debtor's concerns as "much ado about nothing." Memorandum at 5. It suggests that her concerns can be "easily resolved." *Id.* All the debtor "must" do, is to include the distribution in the appropriate section on her tax return, but state that the taxable amount was "$0.00". *Id.* "[A] wise addition would be the attachment of a statement indicating the disposition of the distribution. Assuming the estate reports receipt of the distribution and pays the appropriate tax, the Internal Revenue Service would have no additional concerns and that would end the matter." *Id.*

The taxpayer number under which a transaction is reported to the IRS is significant. It permits the IRS' matching program to properly match reported distributions to the income reported on a taxpayer's tax return. The IRS seeks to reconcile significant discrepancies. The distribution in this case was significant, would have generated significant tax liability and would have been of interest to the IRS. It would undoubtedly have initiated an inquiry or commenced collection activity based on a distribution reported under the debtor's social security number. This would necessarily entail some response by the debtor, and whether a significant undertaking or not, affects the debtor's fresh start. Any time that she must spend or any money she must pay to an attorney to correct a mistaken report to the Internal Revenue Service deprives her of her full fresh start.

Merrill Lynch's response clearly shows that the debtor is not getting the full

benefit of her fresh start. If she must take any action to report the distribution or explain it, she is not benefitted as fully as she ought to from the discharge in this case. Moreover, Merrill Lynch qualifies its statement by assuming that the estate pays the tax. In fact, even if the estate wrongfully fails to pay the tax, the debtor has no taxable consequences. The obligation is that of the estate not of the debtor.

The IRS's matching program can only work effectively if information is properly reported to it. The debtor only gets the full benefit of her discharge if the information is properly reported. The custodian's proper compliance with the reporting requirements is critical. The inclusion of the payment and reporting provisions in the order set forth the proper means for the distribution and the reporting of the distribution. They were not necessary, but certainly put Merrill Lynch on notice of what is legally required.

■ Merrill Lynch complains that it was not a party to the order. It suggests, but does not state, that it can, therefore, blithefully ignore the order and not be sanctioned for having failed to comply with it. Merrill Lynch was clearly aware of the order. It received a copy of the order, considered the order and rejected the order. Its letter refusing to follow the order itself refers to the order. It had sufficient time to file an appropriate motion to alter or amend the order. It did not. It could have sought further guidance from the court. It did not. It could have done nothing and required the trustee to commence a turnover action. It did not. It chose to comply, in its own fashion, with part of the order and ignore the rest. A party cannot, with knowledge of an order, choose which portions to obey and which to ignore. If it does so, it does so at its own peril. Having adopted the order in part, it is bound by the whole.

■ Merrill Lynch's obligations to distribute the funds to the trustee and to properly report the distribution with the estate's employer identification number arise not solely by virtue of the order, but originally by virtue of law. The order merely restated the ·law. Merrill Lynch erred in issuing the distribution check to the debtor rather than the trustee. The funds belonged to the trustee upon the filing of the case. While Section 542(c) of the Bankruptcy Code provides that Merrill Lynch could have safely distributed the IRA to the debtor after the commencement of the case if it did not have actual notice or actual knowledge of the commencement of the case, upon notice or knowledge of the commencement of the case, it was no longer at liberty to disburse any funds to the debtor. If it did so, it did so at its own peril and would have been liable to the trustee for the funds misdelivered. *Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. v. Boyer*, 196 B.R. 801 (N.D.Ind., 1996) *aff'd* 100 F.3d 53 (7th Cir., 1996).

■ In these circumstances, where a party has an existing legal duty the breach of which will harm the debtor and where it knowingly seeks to comply with a portion of an order but disregard the balance, it cannot defend its action on the ground that it was not a party to the order.

The debtor seeks sanctions for Merrill Lynch's improper transfer of the funds to the trustee under the debtor's name and its intended wrongful conduct of reporting the transaction to the Internal Revenue Service under the debtor's social security number. There can be no doubt that the actions of Merrill Lynch in this case were willful, deliberate and premeditated. It had actual knowledge of the commencement of the case. It had a copy of the court order. The matter was reviewed by senior counsel at its New York office. It ignored the Court's order and its obligations under law. While to date, no harm has come of the willful violation of its obligations under the court order and the law because the funds were in fact received by the trustee, it is clear that its

threatened action of reporting the distribution under the debtor's social security number would have a negative impact on the debtor. In these circumstances, sanctions are appropriate.

A separate order will issue.